10042

ESTES v. SOUTHERN LIFE INSURANCE CO.

(96 S. E. 555.)

1. INSURANCE—LIFE INSURANCE—LOAN VALUE OF POLICY.—Under life policy stipulating company would loan amount stated in annexed table, other indebtedness being first deducted, loan value at end of fifth year was amount stated in table, less next annual premium, amount of a prior loan indebtedness, and interest on unpaid note.

2. INSURANCE—LIFE INSURANCE—WAIVER BY OFFICER IN OWN BEHALF.— The president of a life insurance company could not waive a right of the company in his own behalf.

Before MAULDIN, J., Spartanburg, Spring term, 1917. Affirmed.

Action by Julia R. Estes against the Southeastern Life Insurance Company. From a judgment for defendant, plaintiff appeals.

*Messrs. I. A. Phifer* and *R. B. Paslay,* for appellant, cite: *As to the presiding Judge directing a verdict for defendant upon the ground that the policy of insurance was not in force at the time of the death of the insured:* 98 S. C. 273; 101 S. C. 249; 44 Mich. 324; 6 N. W. 830; 102 S. C. 124-125; 78 Pac. 169 (Kan.) ; 58 Pa. 595; 26 Col. 252; 108 Iowa 430; N. W. 144; 123 Mich. 660; 87 N. W. 903; 55 S. W. 588 (Ky.) ; 45 L. R. A. (N. S.) 192 (Ind.) ; 97 S. C. 380; 91 S. C. 577; 46 S. C. 491; 111 U. S. 335; 78 S. C. 77; 96 S. C. 50; 94 S. C. 299. *Our Court does not favor forfeitures:* 102 S. C. 122; 144 U. S. 439, cited with approval in 97 S. C. 379; 103 S. C. 284; 101 S. C. 249; 25 Cyc. 843; 23 L. R. A. (N. S.), pp. 304-5-6-7-8. *As to cases distinguished:* 95 S. C. 103; 90 S. C. 1.

*Messrs. Haynsworth & Haynsworth* and *John Gary Evans,* for respondent, cite: *As to the policy of insurance not being in force at the time of the death of the insured:* 77 S. C. 775; 137 Pac. 869 (Arizona, 1914) ; 104 U. S. 259; 187 U. S. 335; 72 S. E. 863 (N. C., 1911) ; 112 U. S.

696; 186 Ill. App. 553; 8 A. S. R. 162; 62 So. 971; 7 Cyc. 628; 95 S. C. 1; 37 S. C. 417; 101 Mass. 558; 100 Mass. 500; 28 N. J. L. 167; 86 N. E. 928; 61 C. C. A. 138; 72 S. C. 219; 37 S. C. 417; 71 S. C. 356; Cooley's Briefs on Ins., vol. III, p. 2269; 103 S. C. 284; 19 A. & E. Ency. Law, p. 47. *As to waiver:* 102 S. C. 115; 101 S. C. 258; 95 S. C. 1.

July 18, 1918.

The opinion of the Court was delivered by Mr. Justice Fraser.

Appellant's statement:.

"This action was brought by Julia R. Estes, as the beneficiary named in a policy of insurance issued by Southeastern Life Insurance Company on January 15, 1906, for $5,000, on the life of Elliott Estes, who thereafter died on the 22d day of April, 1915; said policy being payable in 10 equal installments of $500. The answer of the defendant admits: That the yearly premiums of $180.63 for the first three years were paid in advance by the insured to the company, continuing said policy in force to January 15, 1909, and in Exhibit E admits that thereupon there became available a guaranteed loan value of $238. On February 4, 1909, insured availed himself of his guaranteed loan value by borrowing on his policy the sum of $180.63, which amount was retained by the company, and an official receipt issued by the company for the premium then due, 'continuing said policy in force to the 15th day of January, 1910, at noon.' That thereupon there became available a guaranteed loan value, under said policy, in the sum of $319, less $180.63, the amount of the then outstanding note. On January 1, 1910, the insured paid the outstanding loan of $180.63 and the premium due January 15, 1910, by giving a new note in the sum of $361.86, and thereafter, on the 17th day of January, 1910, the company issued him an official receipt for

the premium due January 15, 1910, 'continuing said policy of force to the 15th day of January, 1911;' and thereupon there became available upon said policy a guaranteed loan value of $404, less the then outstanding loan of $361.86. The provision in policy, as to how policy should be assigned, was waived, for in Exhibit E the secretary admits to insured, "You have in effect a loan with the company on your policy in the sum of $361.' Insured was notified the latter part of June, 1910, that the note of $361.26, with accrued interest, aggregating $373.90, would be due July 4, 1910, and on the 28th of June, 1910, notified the company that it would not be convenient to pay same, but asked that he be allowed to renew same for six months and pay the interest. On June 29th this request was refused, upon the ground that 'it will be impossible to further extend the payment of this note.' and submitted counter proposition that, if insured would pay half of note, and also interest, that balance would be extended to January 1, 1911, and that 'it would be in direct violation of rule of company to grant a further extension in the payment of the full note.' On June 30, 1910, insured, being misled by the statement as to the alleged new rule, of which there is no other evidence, then asks, 'What can be done in the way of a loan on the policy, as I do not wish to let it lapse, neither is it convenient to pay the $180 at this time?' On July 2, 1910, the insured is informed that, because of the fact that insured had borrowed an amount equal to the 1909 and 1910 premiums, which amounts the company had retained, charged interest on, and issued official receipts for, as though the money had been paid in cash, that only the third year guaranteed loan value was available, *i. e.*, $238, and taking the ground that the company had no right to loan any more than that amount. The insured then calls the secretary's attention to the fact that the loan he is asking is within the reserve of the policy, and that the company could accommodate him if they wished to, and sends check to cover interest on outstanding note, which on July 8th the

company returned.   On July 11th the insured again calls their attention to the fact that he is within his rights, and that the guaranteed loan value is more than he is asking for. On July 13, 1910, insured is informed that policy No. 82 has lapsed on account of failure to settle premium note due July 1, 1910."

At the conclusion of the testimony, the presiding Judge directed a verdict for the defendant.   The plaintiff appealed.

The whole trouble in this case arises from a misapprehension of the loan value.   The policy reads as follows:

"(1)    * * *

"(2)  The company will loan on this policy, as collateral security, upon legal assignment of the same to it, after three or more annual premiums have been paid, and while in full force and effect, the amount stated in Table B below; the next annual premium, with any other indebtedness to the company, being first deducted.  .

"(3)  Upon failure to pay any annual premium, after the third, the company will extend, automatically, as term insurance, the net amount insured by this policy for the number of years and days named in Table C below.

"Tables of paid-up loan, and extension values provided for by this contract, if no indebtedness exists against it:

"Table B—Loan Values—Third year, $238; fourth year, $319; fifth year, $404; sixth year, $497. * * *

"Table C—Extended Insurance.—After three years, 1 year 130 days; after four years, 1 year 299 days; after five years, 2 years 104 days; after six years, 2 years 275 days. * * *"

The appellant claims that the loan value was $404.   The loan value was $404, less the next annual premium, to wit, $180.63, and the amount of indebtedness, $361.26, or $541.89, besides some interest on the unpaid note.

1, 2  It seems that the insured had already borrowed more that the guaranteed loan value.   Something has been said about waiver.   The deceased was president of the com-

pany at the time referred to, and an officer of a company could not waive a right of the company in his own behalf.

The judgment is affirmed.